IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONTA LAWRENCE,                                  Civ No. 05-1651-AA

       Plaintiff,                         OPINION AND ORDER

   v.

LOUIS AND COMPANY, a foreign
business corporation,

       Defendant.
_____

Craig A. Crispin
Crispin Employment Lawyers
500 Plaza West
9600 S.W. Oak Street
Portland, OR  97223
    Attorney for plaintiff

Clarence M. Belvanis
Fisher & Phillips LLP
1001 S.W. Fifth Avenue, Suite 1600
Portland, OR 97204
    Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Or. Rev. Stat. § 659A.030 and wrongful discharge under state common law. Defendant moves for dismissal of plaintiff's wrongful discharge claim on grounds that an adequate statutory remedy exists. Defendant's motion is granted.

## DISCUSSION

Plaintiff alleges numerous instances of race discrimination and derogatory treatment to which he was subjected during his employment with defendant, and these allegations form the basis of his claims. Defendant seeks dismissal of plaintiff's common law claim for wrongful discharge on the basis that plaintiff has an adequate statutory remedy under 42 U.S.C. § 1981.

Oregon law permits a common law claim when wrongful discharge of an employee frustrates an important public interest and no statutory remedy exists. Delaney v. Taco Time Int'l, Inc., 297 Or. 10, 15-16, 681 P.2d 114 (1984). As explained by the Oregon Court of Appeals, "wrongful discharge is an interstitial tort, designed to fill a gap where a discharge in violation of public policy would otherwise not be adequately remedied." Dunwoody v. Handskill Corp., 185 Or. App. 605, 613, 60 P.3d 1135 (2003). In determining whether a claim for wrongful discharge survives, the primary issue is whether the statutory remedies are "adequate," i.e., equal to those available under common law. See id. at 614-15, 60 P.3d 1135.

In this case, plaintiff claims that he was subjected to derogatory and discriminatory treatment in the terms and conditions of his employment and that he was terminated from his employment because of his race and/or his national origin. Defendant concedes that Title VII and Or. Rev. Stat. § 659A.885 allow limited damages for discriminatory conduct and do not provide an adequate remedy. However, defendant argues that § 1981 has no limit on damage awards and therefore provides remedies equal to those allowed under common law wrongful discharge.

Plaintiff concedes that § 1981 provides adequate remedies for purposes of wrongful discharge. Nevertheless, plaintiff argues that his wrongful discharge claim should be dismissed only if the same facts support a right to recovery under both § 1981 and Title VII. Plaintiff argues that if the elements necessary to prove discrimination under Title VII and § 1981 differ, then § 1981 does not provide an adequate statutory remedy for defendant's alleged discrimination. See Travis v. Knappenberger, 2000 WL 1853084, *12-13 (D. Or. Dec. 13, 2000).

Here, unlike Travis, the same operative facts form the basis of all plaintiff's claims, and plaintiff concedes that § 1981 provides an adequate remedy. Therefore, plaintiff's wrongful discharge claim is not permitted. Hadley v. Wal-Mart, 2001 WL 34039486, *14 (D. Or. Nov. 19, 2001) (when the factual allegations supporting statutory claims and the wrongful discharge claim are identical, the existence of one statutory remedy is sufficient to preclude the wrongful discharge claim).

3 - OPINION AND ORDER

CONCLUSION

For the reasons set forth above, defendant's Motion to Dismiss (doc. 4) is GRANTED, and plaintiff's claim for wrongful termination is DISMISSED.

IT IS SO ORDERED.

Dated this __1__ day of February, 2006.


        /s/ Ann Aiken
         Ann Aiken
United States District Judge